JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LASBN 24421)
ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7200
   Facsimile: (415) 436-7234
   Email: william.frentzen@usdoj.gov
          robert.rees@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08 0013 MMC |
|    Plaintiff, ) | |
|    v. ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| SHAUNDRE ODOMS, ) | |
|    Defendant. ) | |

## INTRODUCTION

On May 21, 2008, the defendant pled guilty to Counts One, Two and a lesser included offense of Count Three of the captioned Indictment, violations of 18 U.S.C. § 922(g), felon in possession of a firearm, 18 U.S.C. § 924(c), use of a firearm during a drug trafficking offense, and 21 U.S.C. § 844(a), possession of more than 5 grams of crack cocaine. That same day, the parties entered into a plea agreement recommending a sentence of 120 months. The United States submits that the defendant's offense level should be calculated as 19+60 months, that he is in criminal history category IV, and that the defendant's applicable Guidelines range should be calculated as 106–117 months

*Odoms* Sentencing Memo, CR 08 13 MMC

imprisonment. The United States joins U.S. Probation in recommending the mandatory minimum sentence of 120 months' imprisonment in accordance with the parties' plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(B).

## DISCUSSION

**A.     The Defendant Has Agreed to Be Sentenced to a 120-Month Prison Term**

Under the terms of the plea agreement, the parties agreed that an appropriate sentence in this case is a term of imprisonment of 120 months, $1,000 fine, and $300 in special assessments. U.S. Probation joins in that recommended sentence. The parties also agreed that the Guidelines would be calculated as set forth above (offense level 19 + 60 months). While the United States stands by its plea agreement, it also concedes that these calculations are incorrect, and that U.S. Probation's calculation of offense level 21 + 60 months is the correct application of the Guidelines in this case. It should be noted that while the 120 month recommended sentence is slightly higher than the high-end of the Guidelines agreed-upon by the parties, that sentence is within and toward the low-end of the accurate Guideline range calculated by U.S. Probation.

**B.     The Agreed-Upon Recommended Sentence Is Reasonable**

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider the factors set forth in § 3553(a), including the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly-situated defendants. Here, the mandatory minimum sentence of 120 months is both reasonable and appropriate.

For example, Odoms has a lengthy and extremely serious criminal history. It is not often that a defendant with as serious a conviction as attempted murder finds his or her way back to federal court in possession of a firearm and narcotics. Indeed, even the

lengthy 11 year term of imprisonment he served for his attempted homicide appears to have had little effect on him, as he violated his parole every year after his release, and was convicted of a further felony narcotics offense mere months after completing his sentence.

At the same time, Odoms comes from a difficult background plagued with violence, lawlessness, and neglect. Furthermore, he did not plead to the more serious charge of narcotics distribution, instead admitting only to simple possession of crack cocaine. In all, a sentence of 120 months' incarceration for the three federal felonies to which Odoms pled guilty should adequately address the circumstances of his crimes and the seriousness of these offenses, afford adequate deterrence of Odoms's future criminal conduct, and encourage overall respect for the law. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C).

### CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence the defendant to concurrent terms of 60 months in federal custody on Counts One and Three, followed by a consecutive 60 month term of incarceration on Count Two, a $1,000 fine, and $300 in special assessments.[1]

DATED: August 13, 2008        Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s_____
WILLIAM FRENTZEN
ROBERT DAVID REES
Assistant United States Attorneys

---

[1] The defendant has also sent a letter to the Court suggesting that he should be released from custody pending surrender for his sentence. Nevertheless, his attorney has not seen fit to file this as a formal motion. If he had, it should have been denied, as the defendant stands convicted of a § 924(c) crime of violence where only exceptional circumstances not present here would authorize his release. *See* § 3143(a)(2) (making detention essentially mandatory in these circumstances). *But see* § 3145(c) (authorizing release only if it is "clearly shown that there are exceptional circumstances").

*Odoms* Sentencing Memo, CR 08 13 MMC        3